Good morning and may it please the court. My name is Jeremy Potashnik. I represent Petitioner Appellant Sarah Johnson. I'd like to try to reserve two minutes for rebuttal and I'll watch the clock. Sarah Johnson's juvenile life without parole sentence is disproportionate under the Eighth Amendment and she's entitled to habeas relief. I want to make three broad points. First, in Jones v. Mississippi, the Supreme Court recognized and did not overrule Miller v. Montgomery's substantive rule that life without parole is disproportionate for a child whose crime reflects unfortunate yet transient immaturity. Counselor, I appreciate where you're going and I'm going to stop you right at first because you'll find that I have this propensity to do this. What's my review point here? What am I looking at? I can't grant your petition. I have to look at what the Supreme Court of Idaho did, don't I? Yes, Your Honor. And then after I look at what the Supreme Court of Idaho did, then I have to say what? What's my standard that I use on what they did? Well, the threshold standard is whether or not the Idaho Supreme Court adjudicated the substantive Eighth Amendment claim under AEDPA. Well, let me ask you, are you saying they didn't adjudicate the substantive claim? I am saying that, Your Honor. What are you going to do with their language which says, and I quote, the requirement to hold such a hearing gives effect to Miller's substantive holding that life without parole is an excessive sentence for children whose crimes reflect transient immaturity. Your Honor, that's simply a correct statement of law. Well, but that says the requirement in this. Therefore, we're finding that what we did, the requirement to hold the hearing, is enough. Your Honor, that statement is simply saying that the purpose of the procedural requirement under Miller-Montgomery is to give effect to the substantive right. It's not saying, though, and the Idaho Supreme Court didn't purport to be saying, that that is the only thing that gives effect to the substantive right. Another thing that gives effect to the substantive right is a petitioner or a defendant bringing a- Well, that's your argument. But if, in fact, they did address the substantive right, then I have a standard to review to apply. And my standard to review to apply is- Your Honor, if they addressed the claim- If they addressed it- Then you would look to whether it's contrary to clearly established law.  And even if they did address the claim, it would be contrary to clearly established law. But I want to go back to this threshold question because before the Idaho Supreme Court said that, it characterized the arguments Sarah was bringing. And it said, quote, that the district court sentenced her without adequate consideration of mitigation arguments based on youth. That's simply a procedural claim about what the sentencing court did. It's not the substantive claim, which is whether or not she is permanently incorrigible or irreparably corrupt. So on the procedural claim, you agree that Miller and Jones and Montgomery, they don't apply procedurally where there's discretion. It's not a mandatory life without the possibility of parole, right? So you agree that that doesn't clearly establish that procedurally there would be anything wrong with giving life without parole in these circumstances. Your Honor, we agree. We're no longer pursuing a procedural claim in these circumstances because the Idaho Supreme Court or the Idaho sentencing court did have discretion to sentence Sarah. But can you point me to language that talks about the substantive claim that is given by the Supreme Court? Because when I read Miller and the other cases, it doesn't sound like the substantive bar is very high. It basically sort of ties the substantive bar back into the procedural bar and says the degree of procedure Miller would articulate it in order to implement its substantive guarantee. It seems like as long as the substantive guarantee is provided, then largely – or excuse me, the procedural guarantee is provided, then largely the substantive guarantee is also. I don't think that's right, Your Honor, because the language I would point to you is the language in Montgomery, which the court in Jones called, quote, the key paragraph of Montgomery. This is at footnote two of Jones. And that language is states are not free to sentence a child whose crime reflects transient immaturity to life without parole. To the contrary, Miller established that this punishment is disproportionate under the Eighth Amendment. Now, I think it's rare in an AEDPA case when you're looking at whether or not something is clearly established for the Supreme Court to literally have said that the exact proposition I need is established. And so that's why even if you think that the Idaho Supreme Court did adjudicate Sarah's substantive claim, which we don't think she did, but even if you find that, its adjudication was contrary to that clearly established language in Jones quoting Montgomery. What do you do with the line in Jones that says a state's discretionary sentencing system is both constitutionally necessary and constitutionally sufficient? So, I mean, on the substantive side, you know, I'm digging through these cases trying to figure out, well, what is that substantive measure? What is the substantive test? And all of the direction that I'm reading in those cases is did the trial court, the sentencing court, have the ability to consider all the factors and weigh age in the sentencing decision? And then did it do so? And here we have indication from the sentencing record that both of those things were true, that the sentencing court had the ability to and did consider the evidence of Ms. Johnson's age. So I come back to the sentence of the state's discretionary sentencing system is both constitutionally necessary and constitutionally sufficient. And what's missing? Your Honor, I think that sentence has to be read in the context of Jones. And the question presented there was whether the court would, quote, add still more procedural requirements to what it had already held in Miller and Montgomery. So discretion is necessary and sufficient as a procedural matter because, and the court went through the history of the Eighth Amendment, that the amendment simply doesn't impose additional procedural requirements in most cases on state courts. It leaves it to the state courts to devise rules however they see fit. But that doesn't mean the underlying substantive rules aren't still there. I think that's a reasonable argument because it is fair that in Jones the case was not presented with a substantive challenge. It was a pure procedural challenge. Right, as the court said. But then we have Helm, which is our decision, a recent decision, where I think we blur that line and we're bound by Helm. Certainly, but I would point out that in Helm the court did clarify that, quote, Miller protects underlying substantive limitations. So I think the court in Helm was still recognizing that there are underlying substantive limitations and also point out that Helm was a purely procedural challenge, so it also didn't present the substantive question. And I would direct this court, I think, to the North Carolina Supreme Court's decision in State v. Kelleher, which is informative. The case presents almost as a thought experiment there because the sentencing court in that case did find, as a factual matter, that the defendant wasn't permanently incorrigible and yet still sentenced the defendant to life without parole. And the North Carolina Supreme Court, consistent with most state courts who have looked at this since Jones, have said, in light of that finding that the defendant is not permanently incorrigible, which is due deference as the sentencing court, that violates, it's an easy case, and that violates the substantive standard articulated in Miller, Montgomery, and Jones. So, I mean, another problem that I'm trying to figure out what to make on the substantive argument is it's clearly established that a sentencing court doesn't have to say anything in particular, doesn't have to make a finding on the record. So if that's true, but yet we're going to measure this by some sort of substantive standard, are we creating this sort of perverse situation where a sentencing court is in the best position by saying nothing at all? I don't think that's practically what will be borne out, Your Honor, because, first, the holding in Jones was simply that the Eighth Amendment doesn't impose the burden, any procedural burden of saying anything at all. State law might impose that burden, and generally courts do explain their sentence. So I don't think a sentencing court can get around that. In fact, if a sentencing court has an interest in seeing its sentence upheld on review, I think it would want to explain its findings because those findings are still due deference, either under state law in reviewing a sentence or in federal habeas review under 2254E in AEDPA. Anything that the state court does find is due deference. And I see my time is running short. I'd like to reserve, but I'm happy to answer more questions if the panel has any. Well, I have one more question. If I'm going to find that the state court's application of federal law is objectionably unreasonable in order to warrant the relief, I would have to find that fair-minded jurists could disagree on the correctness of the decision. I guess I'm trying to figure out, since Judge Dale thinks the decision was correct, then is relief warranted here? Because if Judge Dale is wrong, are you saying she was not fair-minded? Is that what you're arguing? I'm not arguing that, Your Honor, but first— But, I mean, that's the only way I can get there, because if fair-minded jurists could disagree on the correctness of the decision, then I've got to uphold it. And you're suggesting that the decision was so bad that I can't uphold it and I've got to undo it. Judge Dale looked at it. She decided what she was going to do. She may have even given it de novo review, as you have asked for. And she still thought it was not warranted. So are you suggesting she's not fair-minded in what she did? Your Honor, two points. First, as a threshold matter, you only have to reach that if you find the Idaho Supreme Court did adjudicate the substantive claim on the merits. Well, I understand, but I gave you both efforts. And, second, the argument isn't whether or not Judge Dale is fair-minded in the abstract sense, but I do think her decision was objectively unreasonable. Well, the problem comes in that the standard is so wide. That's all I'm trying to point out to you. The standard is so wide when you're talking about fair-minded jurists that it makes it very hard for you to win on that standard. And I'm just trying to have you address that. I agree it's hard to win, Your Honor, but I'll point out again that the Supreme Court said that Miller, quote, established that this punishment is disproportionate. And I think there's only one way to interpret that quotation. Thank you. We'll give you time for rebuttal.  We'll hear from the State. Thank you, Your Honor. May it please the Court. My name is Mark Olson, Deputy Attorney General with the Idaho AG's office. I represent the respondent, Amanda Gentry, in this case. I think it's very telling off the bat. There's been a lot of Miller-Montgomery claims made in state and federal court. And I'm sure collectively, opposing counsel and I have probably looked at all of them over the last few weeks. And I think it's very telling that it's hard to find, I think as Your Honor noted, it's hard to find this claim anywhere. Well, that's because they keep losing on all the others, so they have to come up with other claims. I would suggest that's exactly right, Your Honor. But it is a creative argument, and it's something that we, I think as you're pointing out, we haven't really addressed before. And they've walked away from some of the more common arguments that are usually made in this area. So why don't you tell us, I mean, the concern in ruling in your favor, in the government's favor here, is that it basically says really there is no substantive right that is given in this context. All you have to do is have a hearing, and the judge has to say something, anything, and then that's the end of the story. Is that your interpretation of Miller-Montgomery? Well, I would disagree with the first part, Your Honor, that I think that the substantive right is incredibly established. It is important. How is it different in your view than the procedural right? Well, there's certainly overlap. I think the way Miller described it, or the cases since then have described it, the substantive right is essentially the protection against grossly disproportionate punishment that the required procedures provide. So the procedures are in place to protect that substantive right. And I would submit they have been very, very effective in doing that. Miller and Montgomery have had a profound effect on juvenile homicide sentences in this country, and not just directly. There's been a strong legislative response. There's been states that have required additional procedural requirements, that have required state courts to put things on the record when they impose sentence. But the difference in this case, we don't have that concern because Sarah Johnson received what all of those and what many other juvenile defendants prior to Miller did not receive. She had the opportunity to present youth-based mitigating evidence, and she presented a lot of it. She had the opportunity to be sentenced before a court that had to consider that evidence and had the discretion to impose a sentence of less than fixed life. So that makes, I would suggest, Idaho, and we've had a few of these other cases, unfortunately, as far as first-degree murder juvenile cases. Well, but see, I think everything you just said sort of goes into my concern here, which is those are all procedural protections that are given. What is the substantive protection, if anything, that is different than that? Well, Your Honor, I don't think there is a difference in the sense that the substantive right is against cruel and unusual punishment, and the procedures, if they're followed, are what satisfies that right. Now, there are occasions, and Jones identified a few, there are occasions where the procedures can be followed and the substantive right still fails. I think opposing counsel mentioned one of those. The North Carolina case where the judge came out and said, as a factual finding, I am not, you are, this defendant is not permanently incorrigible, whatever the standard was. This was based on transient immaturity. So when we have that finding on the record, then in that case, the appellate court or the habeas court had no choice but to grant a habeas relief. But otherwise, I mean, that's got to be a limited situation because, as Your Honor stated, Jones told us that constitutionally we don't have to have these reasons on the record. We certainly don't have a fact-finding requirement. So I would say it's just – Can I play that out just a little bit more to make sure I understand what you're arguing? So let's come up with a hypothetical. Let's say that the record is such that, you know, so the court went through all the procedural things we're talking about, had the hearing, had discretion, evidence about age came in and its relevance to the sentencing decision. And the evidence that came in, every single expert that testified said that this offender had the ability to be rehabilitated. Every single family member that testified said this offender has the ability to be rehabilitated. The evidence is overwhelmingly slanted that way. And yet on the record, the sentencing judge says, I heard all that evidence. I'm not saying it's, you know, discredited, you know, like not valid evidence, irrelevant or something. But I just think in my own judgment that any person who kills their own parents is entitled to a sentence of life without the possibility of parole. And that's what I'm issuing. We get that record. What do we do? I think that in a direct appeal-type case, it could be a close question. It could be, perhaps, is there more meaningful daylight between the procedures being followed and the sentencing? But we're on habeas review. So what do we do with that record on habeas? So it could be a close case there. In habeas, it's not a close case because the Supreme Court has not told us what to do in that circumstance. They have told us definitively that, as Your Honor said, that the procedure is constitutionally enough to satisfy the Eighth Amendment because it is the procedure which ensures that the substantive right is followed. So, I mean, here's the problem that Judge Nelson is getting at a little bit. It's fine and dandy to have procedures. If the procedures are supposed to serve a purpose, and it's pretty clear on the record that that underlying purpose isn't served, then what good are the procedures? Well, I would say the procedures have been very, very effective. I think one of the cases said fixed-life sentences have reduced, in juvenile cases, 75 percent since we have this Miller-Montgomery framework. So they've been extraordinarily effective in that sense. I mean, if we have that hypothetical, if there is meaningful daylight that exists, I guess they use that phrase, between the procedures being followed, and we can think of a case where the substantive right is so clearly not followed. And like I said, I think Jones identifies a couple of situations, like that North Carolina case where they say on the record that we have factual findings to the contrary of the substantive right. But other than that, we don't have that test from the United States Supreme Court. So you want to just fall back on the standard of review of nothing is clearly established? Reasonable means for judges to disagree. That is absolutely correct, Your Honor. And do I owe the Supreme Court any deference on this substantive issue? Yes. I ask your opponent that question. Where do you find, in that opinion, the language which would suggest they focused on this, other than what I read? And, Your Honor, that's a two-part question because it depends where this court comes out on that. The threshold issue is whether there's clearly established law in this area at all. And if there is no clearly established area, anything in this law, then the Idaho Supreme Court had nothing to reach. So I would say that. And secondly, if we go to the clearly established contrary to clause instead, the Idaho Supreme Court, I believe Your Honor quoted from the Idaho Supreme Court's opinion that stated from Miller something along the lines that it is the procedures that give effect to that substantive right. So the Idaho Supreme Court cited Miller, cited Montgomery, cited the Eighth Amendment, cited what Miller said about the substantive right, which is not all of the things that Johnson is asking this court to do, but cited what was actually in the Supreme Court opinion. So I don't think that we can say that the Idaho Supreme Court unreasonably applied everything when this is. Essentially, I would submit a novel approach that Johnson is utilizing. As Your Honor stated, so many have been unsuccessful prior to this. This is one we haven't seen yet. And I would submit what Johnson is asking this court to do is essentially do a resentencing here, to reweigh the evidence, to look for things in the record. And I would suggest there's no Supreme Court case that tells us that a reviewing court in direct appeal or habeas has any authority to do that. And I would agree with Your Honor that it's something that we're seeing now that we haven't seen previously. It's very hard to find this claim. It's very hard to find cases where this comes up. And that's because this framework simply doesn't exist in the Miller, Montgomery, and Jones series of cases. Is it even relevant here? Because if the argument that we're faced with, which is what I understand the argument to be, is just the substantive right under Miller and Montgomery was not satisfied, we all agree that Jones is a procedure case. So is it even relevant? It is relevant in a couple of ways, Your Honor. I would say first that the important thing of Jones, and counsel has said a few times Jones didn't overrule anything, and I think that is important because the key here, why the United States Supreme Court talks so much about substantive aspect of this is because that's what makes this retroactive. If you read Montgomery again, it's a case about retroactivity. That's why they had to identify, yes, there is a substantive right. Yes, it's very important. It's protected by the procedures, but it certainly exists. That's why it's retroactive. Jones did not overrule any of that. And if it did, we wouldn't be here today because if Jones said there is no substantive right or anything like that, then it's not retroactive. These cases aren't going to apply to surgery. Right, which is why Thomas's concurrence in Montgomery sort of has some power there, right? He said Miller seems to create a procedural rule. Then the court decided they wanted to make it retroactive, so they called it a substantive rule, and now we're left with what kind of rule is this? And I would agree, Your Honor. I think that concurrence does express some of the tension between those perspectives. And I think the last thing I'll point out, I think Your Honor stated Johnson purely procedural. I'm not entirely sure of that. I think that that case was presented with a lot of the arguments that Johnson presents here, that there has to be some substantive component to that. And, yes, they're looking for a procedural requirement to put things on the record, to have the on-the-court explanation. But why they're asking for those things in Jones is to make a substantive challenge. They want the court to put these things on the record. They want the on-the-record explanation. They want this fact-finding requirement so the sentence can be attacked substantively. That's the whole point there. So I would suggest the arguments raised in Jones are very similar to the arguments raised in this case in terms of what that substantive right means. And it wasn't totally clear, and that's where we get that concurrence from Justice Thomas. I see my time is up. Unless Your Honors have any additional questions, the state would respectfully request that this court affirm the magistrate. Thank you. Thank you for your argument. Let's give two minutes for rebuttal. Thank you, Your Honor. I'd like to try to make three points in rebuttal. First, I want to focus on the call that Judge Forrest was having with my friend on the other side about Kelleher because I think the concessions there are fatal to their case. I think if opposing counsel concedes, and I think I did hear him concede this, that Kelleher was appropriate for the North Carolina Supreme Court to say, when the substantive standard clearly is not met, this sentence is disproportionate and unconstitutional. If a court can do that in an easy case, there's no principle saying it can't do it in a harder case. Well, but that was the state court, right? That was not on habeas or it was on habeas review. No, it was a direct review on the state court. So, I mean, doesn't that sort of change it? Because the problem we have here, I mean, as we boil it down, is you still have to show it's clearly established. And you've got some breadcrumbs that you're pointing to in Montgomery and Jones, but are they enough to show that it's clearly established that your argument is supported? Your Honor, I'd say they're more than breadcrumbs. The Supreme Court said it was established in Montgomery and Jones. But the point about Kelleher, I think, is that if a court can make this call in an easy case, it can also make the call in a harder case along the lines that Judge Forrest was getting at. But just a minute. It seems to me that Jones, to a certain extent, undoes what you're trying to argue. Because Jones says, and I quote, Importantly, like Miller and Montgomery, our holding today does not preclude the states from imposing additional sentencing limits in cases involving defendants under 18. States may do what they want to do. In fact, they can go any place they want. If I went through the whole quote, that's where they go. But the United States Constitution, as this court's precedents have termed, have interpreted, does not demand those particular policy approaches. So it seems to me what we're seeing in Jones, and that's why I think Jones has some big significance here, is the best we've got to do is have a hearing. We've got to look at the youth situation and the situation. Have a hearing. Look at all of that. Have the judge look at all of it. And after that, the substantive approach has been done. If the states want to do more, they can do it. Your Honor, I agree that Jones is saying the federal constitution as a procedural matter makes discretion and a hearing sufficient. But if you look at these state cases, they're all applying the federal constitution to determine that there still is a substantive right after Jones. These state court decisions aren't based on additional state procedures they're reading under state law. These are appellate courts saying that after Jones, there is still a substantive right. And if you look at the- And that's clearly established? I think it is clearly established, Your Honor. Because simply because somebody says that there's a proportionality attaches to somebody with youth, that's the clearly established doctrine? Two responses, Your Honor. I think it's clearly established because the Supreme Court said that in Montgomery. That's what they said. And they did not overturn that in Jones. They were very clear about that. And second, this is the point I was going to make. If you look at the balance of case law since Jones, courts overwhelmingly do recognize that there still is a substantive right under Miller, Montgomery, and Jones, and that comes from the federal constitution. And so to conclude, I'd like to emphasize how narrow the relief is. We're just asking that Sarah get a chance someday at parole, not even a grant of parole, just a chance to someday have hope for life outside prison walls. And we ask the court to reverse. Thank you. Thank you to both counsel for your arguments in the case. Very helpful to the court. And I would point out, you know, Ms. Johnson has been well represented. We have pro bono counsel who flew out here from New York. And we're appreciative of your help to the court in helping us decide this case. That case is now submitted.
judges: SMITH, NELSON, FORREST